# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

      v.                                  Case No. 20-MJ-114

JAVIER BERRIOS,

                Defendant.

## RECOMMENDATION THAT THE DEFENDANT'S MOTION TO DISMISS BE DENIED

      Before the court is defendant Javier Berrios's motion to dismiss the complaint. (ECF No. 22.) Berrios was arrested on March 31, 2020, pursuant to a criminal complaint and arrest warrant that this court issued on March 26, 2020. Berrios seeks to dismiss the complaint because, 69 days later, he has still not been indicted.

      Ordinarily, the government has 30 days from a defendant's arrest—here, until April 30, 2020—in which to obtain an indictment. 18 U.S.C. § 3161(b). However, "[i]f an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days."

A grand jury is "in session" not merely if it is empaneled but rather when the requisite number of members are assembled for the purpose of doing the business of the grand jury. *See, e.g.*, Fed. R. Crim. P. 6(d)(1) (discussing who may be present when the grand jury is "in session"). No grand jury was in session in this district between March 31 and April 30, 2020. Therefore, the indictment deadline was automatically extended an additional 30 days, until May 30, 2020 (which date, being a Saturday, extended the deadline until June 1, 2020, *see* Fed. R. Crim. P. 45(a)(1)(C)). *See United States v. Mann*, 701 F.3d 274, 285 (8th Cir. 2012).

On May 29, 2020, the government moved to further extend the deadline for indicting the defendant. (ECF No. 20.) It noted that Chief Judge Pamela Pepper had continued all grand jury proceedings to a date after June 15, 2020. *See* Gen. Order 20-12 (E.D. Wis.) available at https://www.wied.uscourts.gov/sites/wied/files/documents/20-12_COVID-19_Grand_Jury_Proceedings.pdf. Therefore, it requested that the court suspend the deadline for the return of an indictment against the defendant until such time as the Chief Judge approved the resumption of grand jury sessions, at which time a new 30-day clock would begin. (ECF No. 20.)

The court did not grant the government the relief it requested but instead extended the deadline by which an indictment need be returned until July 1, 2020. (ECF No. 21.) The court concluded that this further extension was appropriate because "the defendant's 'arrest occur[ed] at a time such that it is unreasonable to expect return and

2

filing of the indictment within the period specified in section 3161(b).'" (ECF No. 21 (quoting 18 U.S.C. § 3161(h)(7)(B)(iii)).)

The defendant's arrest came amidst a global pandemic that has had unprecedented and widespread impacts, including shuttering courts and suspending grand and petit juries. Although the Speedy Trial Act does not explicitly account for emergencies such as pandemics, courts have recognized such extensions for these and similar reasons. *See United States v. Lopez*, No. 1:20-MJ-00046 SAB, 2020 U.S. Dist. LEXIS 95805, at *5 (E.D. Cal. June 1, 2020) (discussing pandemic) (citing *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (discussing volcanic eruption); *United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (discussing September 11, 2001 terrorist attacks)). In consultation with government and health experts, the Chief Judge has concluded that it has not been safe to convene a grand jury in this district during the past 69 days. Given the immense public health crisis posed by the novel coronavirus and COVID-19, it was "unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)," and therefore the extension of the indictment deadline is appropriate.

The court is dedicated to reconvening the grand jury as soon as circumstances allow. Based on current information, the court does not expect the government needing to request any further extension of the current deadline.

3
Case 2:20-mj-00114-WED-LA    Filed 06/08/20    Page 3 of 4    Document 23

The court finds that this delay is consistent with due process. Berrios has been afforded a preliminary hearing, and thus the court has twice concluded—once in reviewing the criminal complaint and once following the preliminary hearing—that there is probable cause to believe that Berrios committed a serious drug offense. To ensure this case proceeds notwithstanding the absence of an indictment, the court has scheduled a telephonic conference at which it plans to discuss the dissemination of discovery and other matters.

**IT IS THEREFORE RECOMMENDED** that Javier Berrios's motion to dismiss the complaint (ECF No. 22) be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 8th day of June, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge